**Caryl Anthony Vaughn GIBBS, et al., Plaintiffs–Appellants,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

No. 88–3270.

United States Court of Appeals, Fifth Circuit.

June 8, 1989.

Frederick W. Bradley, Charles M. Steen, New Orleans, La., for plaintiffs-appellants.

John J. Weigel, Donna Bossier Phillips, New Orleans, La., for defendant-appellee.

Before THORNBERRY, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

This action was filed by a group of insurers which issued an excess policy of liability insurance to Cummins Diesel Engine Co. against Liberty Mutual Ins. Co. (Liberty Mutual), the primary insurer of that same insured. Following the settlement of five serious personal injury suits pending against Cummins, the plaintiff excess insurers sought recovery from Liberty Mutual for reimbursement of part of the sum they paid in settlement. The plaintiffs alleged generally that Liberty Mutual negligently handled Cummins' defense of the personal injury claims and that this negligence caused excess insurers to pay additional sums in settlement. The district court concluded that because settlement was never available to Liberty Mutual within its policy limit, Liberty Mutual owed no duty to the plaintiff excess insurers and dismissed the suit.

FACTS

Because the district court found the primary insurance carrier owed either no duty or a limited duty to the excess insurers, the district court found it unnecessary to resolve the factual conflicts between the parties. As a result, the parties are unwilling to stipulate to the facts that should govern this action. For our purposes we consider the evidence in the light most favorable to the losing party, the excess insurers.

Liberty Mutual issued a general liability policy to Cummins with a policy limit of $1,000,000. The plaintiff excess insurers issued a policy with limits of $5,000,000 in excess of Liberty Mutual's $1,000,000 limit.

In August 1981, five individuals were severely burned in a fire. They filed suits in Jefferson Parish, Louisiana against Cummins, Liberty Mutual and others alleging inter alia that they were burned when a Cummins engine backfired in a fuel-laden atmosphere and caused a flash fire. Following extensive pretrial discovery during 1983 and 1984, trial was set for January 14, 1985. Several months before trial, counsel for excess insurers demanded that Liberty Mutual agree to contribute its $1,000,000 limit to settle the claims. Excess insurers agreed at that time to contribute toward an overall settlement if Liberty Mutual would agree to pay its policy limit. Liberty Mutual initially declined to contribute its policy limit and did not notify excess insurers of its willingness to pay its policy limit until approximately thirteen days before trial. At that time, Liberty Mutual paid its

$1,000,000 policy limit to the injured plaintiffs in return for a release and tendered the defense of Cummins to the plaintiff excess insurers. The excess insurers sought a continuance of the trial which was denied. Excess insurers then negotiated a settlement with the injured plaintiffs and ultimately paid $4,000,000 for a complete release.

The excess insurers presented evidence that the following conduct by Liberty Mutual required it to pay approximately $1,300,000 more than it would have otherwise paid to settle the five claims: (1) Liberty Mutual failed to promptly and carefully evaluate the personal injury claims and the demands made by excess insurers that Liberty Mutual promptly contribute its policy limit; (2) Liberty Mutual made a belated, inadequate evaluation of Cummins' exposure to the burn victims; (3) due in part to Liberty Mutual's inadequate or incomplete knowledge of the facts and circumstances surrounding the accident and the degree of exposure its insured had, Liberty Mutual failed to give reasonable notice to the excess insurers of its intention to pay its policy limit in settlement of the claims; (4) because the excess insurers received late notice that Liberty Mutual would pay its entire policy limit, excess insurers had insufficient time to prepare the case for trial.

## DISCUSSION

The district court concluded that, with the possible exception of accepting a settlement offer within its policy limits, a primary insurer owed no duty to an excess insurer with respect to handling a claim against their common insured.

The only Louisiana court that has directly dealt with this question is the Louisiana Fourth Circuit Court of Appeals in *Laper v. Board of Commissioners*, 523 So.2d 926 (La.App. 4th Cir.1988), writ denied, 531 So. 2d 275 (La.1988).

The majority in *Laper* stated: "The sole issue to be resolved ... is whether the primary insurer owed a duty to the excess insurer with regard to the manner in which the primary insurer handled its defense of the claim." Id. at 927. The majority concluded that "the allegations of the [excess'] petition, taken as true, fail[ed] to state a cause of action recognizable under the laws of [Louisiana]." Id. at 928.

The dissent in *Laper* stated: "I conclude that a primary insurer owes to the excess insurer the same duty that it owes to the insured, which includes the duties of acting reasonably and in good faith and of exercising ordinary care to fully inform the excess carrier of settlement negotiations and final compromises. The primary also should disclose to the excess insurer relevant information as well as provide reasonable cooperation in matters which will affect the excess carrier." 523 So.2d at 931.

We have not located controlling precedents from decisions by the Supreme Court of Louisiana and we are persuaded that the question is important and best decided by the Louisiana Supreme Court, the final arbiter of the law of Louisiana. Accordingly, we now certify the question stated below to the Louisiana Supreme Court:

Does the primary insurer owe a duty to the excess insurer similar to the duty it owes to its insured, to act reasonably and in good faith?